PARKER, P. J.
The defendant was in contempt for not obeying the order of August 20th if she refused or without sufficient excue neglected to obey it after it had duly served upon her; otherwise not. Code Civ. Proa § 2457. Conceding that she was “ physically and mentally able to attend and be examined on the 21st of August,”’ as is found by the referee, yet we think the record discloses other facts which furnished to her a sufficient excuse for not so doing. The order, which was served upon her at half past 10 o’clock in the forenoon. required her to appear before the referee, in Saratoga Springs, at 2 o’clock in the afternoon of that day. She was alone in the house when it was served. Her husband and son had both left that morning, at about 7 o’clock, to be absent for the day. The son had with him the horse which the defendant was in the habit of driving, and the only single wagon that was then available for her use. Such-^residence was some three miles from the village where she was *592 required to attend, and it is very clear that, in the condition of health in which she then was, it would be unreasonable to require her to have walked that distance. Such was the situation which confronted her when called upon to appear in Saratoga Springs, at 2 o’clock of that afternoon. She had no means of getting there, except by walking; no one to leave in charge of their house and premises; and no one to send to represent her or to explain her absence. These facts clearly appear from the record before us, and, in our judgment, they form a sufficient excuse for her not appearing as required by the order. Had the order been served the day it was granted, and had the defendant been given an apportuuity to prepare over night for her absence the next day, a different case would be presented. Then means of conveyance could have-been arranged for, and other members of the family could have remained in charge of the house. But when the moving party in such proceedings attempt to compel the attendance of the debtor on as short a notice as was given in this case, lie is very likely to meet with a condition of affairs that will excuse so prompt an attendance, and particularly when the party summoned is a woman in charge of a household, and who may reasonably ask for some assistance and preparation to enable her to attend. Although the statute does not specify how long a notice must be given in these proceedings, yet it is manifest that a reasonable length of time should be given. There is nothing in the character of the proceedings, nor in the object to be accomplished by them, that requires undue haste. We do not intend to hold that in all in-stances a notice of 3£ hours is to be deemed insufficient YVhen the party is resident in the same city or village, and can easily reach the appointed place, a few hours might be a reasonable notice; but we do not think that extraordinary and unreasonable efforts to obey the order upon a few hours’ notice should be required of a debtor. We do not discover any wilful refusal on defendant’s part to obey - the order. Her claim that she was not in a condition of health to be examined, although not sustained by the referee, does not indicate such a refusal. Her attending physician so advised her. He also so testified on the hearing, and the evidence repels the idea that he was acting in collusion with her avoid her examination. Our conclusion, therefore, is that the defendant neither refused, nor did she without sufficient excuse neglect, to obey the order of August 20th. She should not therefore have been adjudged in contempt, and the order in that respect was erroneous.
The conclusion renders it unnecessary to pass upon the several objections which the appellant makes to the bill of costs and expenses charged against her. Such costs have, however, been made up with such an utter disregard of the rules regulating the same that we deem it necessary to say that no inference of an approval should be drawn from an omission to specifically point out their numerous errors. It would be difficult to find in the statute any authority for taxing a large majority of the items which the respondent has incorporated in his so-called “ bill of ” ; and, had we not reached the conclusion that the defendant should not have been held for contempt, we would have found it necessary to strike *593 ont a very large part of the fine which, under the name of “ costs and expenses,” has been imposed upon her.
The objection made by the respondents’ counsel that no appeal lies from such an order is not well taken. This order is clearly one of those from which an appeal is allowed by section 1356 of the Code of Civil Procedure, and the provisions of section 2433 are not applicable to it.
The order of of the special term, therefore, so far as it held the defendant to be guilty of contempt, and imposed a fine upon her, and required her to pay the costs therein specified, is reversed, with costs, with leave to the plaintiffs to apply to the justice who granted the original order of August, 1895, to ñx a time at which, the defendant shalll appear before the referee, pursuant to such «order.
All concur.